

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-64,017-05

### EX PARTE CHRISTOPHER E. WIMBERLY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 54705-E
### IN THE 27TH DISTRICT COURT FROM BELL COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to fifty years' imprisonment. The Third Court of Appeals affirmed the conviction. *Wimberly v. State*, No. 03-03-00726-CR (Tex. App.—Austin Oct. 13, 2005)(not designated for publication).

Applicant contends that he is actually innocent. He bases his claim on the confession of another person. We believe that in cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial

court shall therefore conduct a live evidentiary hearing on the matter at which, at a minimum, the confessing person shall be called to testify.

It appears that Applicant is not represented by habeas counsel. The trial court, within 30 days of the date of this order, shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the evidentiary hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to the credibility of the witness' testimony, including his confession. The court shall make further findings of fact regarding the circumstances surrounding the confession. The trial court shall make findings as to whether Applicant could have presented the information contained in the confessor's affidavit prior to the date Applicant filed his prior habeas applications. The trial court shall specifically weigh the evidence of Applicant's guilt, including all of the testimony at trial, against the new evidence of innocence. *See Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). The trial court shall enter findings of fact as to the credibility of each witness and as to whether Applicant is entitled to relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing the transcription of the court reporter's notes from the live evidentiary hearing and a copy of the exhibits admitted, along with the trial court's findings of fact and conclusions of law and a copy of the trial record, including the clerk's record and a transcription of the reporter's record of the trial, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Delivered: March 4, 2015
Do not publish